CHEROKEE TEXTILE MILLS, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 268 P. T.   Promulgated June 5, 1945.

*George E. H. Goodner, Esq.*, for the petitioner.
*Irene F. Scott, Esq.*, for the respondent.

#### OPINION ON MOTION.

OPPER, *Judge*: This case, involving a refund of processing taxes, is before us pursuant to a mandate of the Sixth Circuit Court of Appeals. The matter for immediate disposition is respondent's motion to strike certain evidence offered at the original hearing which was held before the Processing Tax Board of Review.

On February 17, 1942, that Board made findings of fact and entered a decision. On March 30, 1942, respondent filed a motion for rehearing, which was argued on May 5, 1942. Decision on the motion was reserved. To quote from the opinion on review (143 Fed. (2d) 587), pursuant to which the case is now here:

Petitioner filed its petition for review addressed to this court on May 15, 1942, several days before the statutory three months' time had elapsed from the mailing by the Processing Tax Board of Review of its findings of fact and decision. No action had been taken by that board prior to that time on respondent's motion for rehearing, although the motion had been argued. The Processing Tax Board of Review went out of existence by operation of law without ever having ruled upon respondent's motion for a rehearing.

Since the return of the case to the Tax Court, pursuant to that reversal and remand, respondent has made the present motion to strike certain designated evidence with reference to petitioner's production and sale of a combination cotton and wool cloth, sometimes referred to as mohair cloth. Respondent objected to the proffered evidence at the original hearing as not admissible under the claim as filed. He renewed his motion attacking such evidence at the close of the trial. The Board member reserved decision on its admissibility.

By the evidence to which the present motion is directed petitioner is attempting to rebut the unfavorable statutory presumption, as permitted by Revenue Act of 1936, section 907 (e), and to show that it was by reason of its temporary profitable venture into the manufacture of mohair cloth that the margin showing became unfavorable.

Petitioner is a cloth manufacturer. Its first claim for refund was filed June 30, 1937, and before the respondent had acted thereon was amended on June 30, 1939, making claim for refund of the full amount

of cotton processing tax ($104,865.13), paid under the Agricultural Adjustment Act, declared invalid by the Supreme Court.[1]

The schedules attached to the first claim and the amended claim established that under the statutory formula [2] all of the processing tax paid had been presumptively shifted to others. Except for the usual schedules, the only remaining ground for the claim is set forth in a statement of "Other Evidence" attached to the first claim as follows:

Claimant asserts that the results obtained by comparison of the average margins per unit as shown by Schedule D–1, is not prima facie evidence that all of the processing tax paid as indicated in Schedule "A" was shifted to others..

Operating under code requirements, the increased cost of production, labor, administrative and selling expenses were factors directly causing the increased sale value of the articles processed during the tax period, while the cost of the commodity (cotton) processed as indicated in Schedule "D," column 3, does not reflect such increased costs and selling expense.

Claimant's operating profit before and after the tax period was $36,785.10 and the average operating profit per lb. was .009 cents.

Claimant's operating loss during the tax period was $5,434.02, and the average operating loss per lb. was .0022 cents.

The decreased operating margin during the tax period, over the before and after tax period was .0112 cents per pound of cotton processed.

Claimant asserts that the processing tax absorbed by it and not shifted to others is reflected in the decreased operating margin of .0112 cents per lb. on 2,455,398 pounds of cotton processed during the tax period, amounting to (2,455,398 x .0112) $27,500.46.

The amended claim, while repeating the unfavorable statutory margin showings, sought refund of all the processing taxes paid, plus interest, and contained the following statement:

Taxpayer bore the entire burden of the tax as comprehended by the law, even though the prima facie showing set out in Schedule D of the original claim (filed June 30, 1937) indicated that only part of it was borne by taxpayer. Taxpayer did not shift the burden of the tax by including it, directly or indirectly, in the sales price of the commodity processed, nor by a reduction of the price paid for any commodity. Taxpayer has no understanding or agreement whereby it may be relieved of the burden of the tax, or be reimbursed for it, or by which it may be shifted to others.

The data set out in Schedule D of the original claim filed June 30, 1937, is incorporated herein for whatever it may be worth; but, if it should be held that profits or losses per unit of cotton valued or marketed during the tax period, as compared with profits or losses per unit of cotton valued or marketed during the average margin period before and after the tax period, indicates or constitutes proof that the burden of the tax was not borne by taxpayer, then the law so interpreted is unconstitutional, null, and void.

The claim was considered by respondent and examinations were made of petitioner's books and records in connection therewith. Respondent was never apprised at that time, or through the allegations

---

[1] *United States* v. *Butler,* 297 U. S. 1.
[2] Revenue Act of 1936, sec. 907 (a).

of the claim, or otherwise, of any contention in support of the claim on the ground that petitioner manufactured mohair cloth during certain periods and not others. After such examination respondent, on January 22, 1940, mailed to petitioner a rejection of the claim, stating in part:

The data submitted with your claim is prima-facie evidence that you did not bear the burden of the amount paid by you as processing tax. Since the rebuttal evidence submitted by you is not sufficient to overcome the margin showing, it follows that you have not established that you bore the burden of the tax. * * *

[Notice was given that a petition could be filed with the Processing Tax Board] for a hearing on the merits of the claim.

After the oral argument upon the present motion, the parties were given an opportunity to submit briefs. The final brief was received on January 8, 1945. In the meantime, and on December 4, 1944, the United States Supreme Court granted certiorari in the case of *Angelus Milling Co.*, 1 T. C. 1031; affd. (C. C. A., 2d Cir.), 144 Fed. (2d) 469, which seemed to us to present questions having a bearing upon the issue posed by the pending motion. The Supreme Court has now, 325 U. S. 293, rendered its decision in the *Angelus Milling* case.

On the strength of the tenor of that opinion, and particularly of certain statements contained in it, we are of the opinion that respondent's motion must be granted. The Supreme Court there said:

Petitioner's claim for recovering processing taxes paid by it was properly rejected by the Commissioner if it did not satisfy the conditions which Congress directly and through the rule-making power given to the Treasury laid down as prerequisite for such refund. * * * The effective administration of these modern complicated revenue measures inescapably leads Congress to authorize detailed administrative regulations by the Commissioner of Internal Revenue. He may insist upon full compliance with his regulations. * * * The basis of * * * [the] claim of waiver is that the Commissioner through his agents dispensed with the formal requirements of a claim by investigating its merits.

*  *  *  *  *  *  *

Treasury regulations are calculated to avoid dilatory, careless, and wasteful fiscal administration by barring incomplete or confusing claims. * * *

Since, however, the tight net which the Treasury Regulations fashion is for the protection of the revenue, courts should not unduly help disobedient refund claimants to slip through it. The showing should be unmistakable that the Commissioner has in fact seen fit to dispense with his formal requirements and to examine the merits of the claim. It is not enough that in some roundabout way the facts supporting the claim may have reached him. The Commissioner's attention should have been focused on the merits of the particular dispute. The evidence should be clear that the Commissioner understood the specific claim that was made even though there was a departure from form in its submission. * * *

*  *  *  *  *  *  *

* * * To be sure, it is not essential for the establishment of a waiver that the Commissioner communicate his ruling on the merits to the taxpayer. But

in the absence of such explicitness the implication that formal requirements were dispensed with should not be tenuously argumentative. \* \* \*
\* \* \* It [petitioner] urges that taking the claims filed by Niagara and petitioner together, they furnish all the data required by the regulations. But it is not enough that somewhere under the Commissioner's roof is the information which might enable him to pass on a claim for refund. The protection of the revenue authorizes the Commissioner to demand information in a particular form, and he is entitled to insist that the form be observed so as to advise him expeditiously and accurately of the true nature of the claim.

Some of the grounds for the claim now asserted by petitioner were manifestly omitted from the claim as filed. Respondent's motion raises as to them no mere matter of an evidentiary foundation for facts and considerations already enumerated in the claim. The evidence to which his motion is addressed, if admitted, would be relevant only to a new and different ground for the claim for refund. Under such circumstances, the failure to include that ground in the claim as filed renders the evidence respecting it inadmissible. *Samara* v. *United States* (C. C. A., 2d Cir.), 129 Fed. (2d) 594; certiorari denied, 317 U. S. 686; *Blum Folding Paper Box Co.*, 4 T. C. 795.

There is even less justification here for attributing to the respondent a waiver of his formal requirements than there might have been in the *Angelus Milling* case. The present claim was complete on its face. It could have been and presumably was considered without respect to the additional information which petitioner now seeks to adduce. Consideration of the claim consequently furnishes even less evidence that the respondent was considering some ground not specified in the claim than was the situation in *Angelus Milling Co.*, where there was nothing in the formal claim itself to justify consideration on the merits. We accordingly conclude, on the authority of the *Angelus Milling* case, that respondent need not be held to have waived the formal requirements established with respect to the filing of such claims.

There is one distinction in the procedural aspect as between this case and *Angelus Milling*. From a decision in its favor but in an assertedly inadequate amount the present petitioner appealed. The decision of the Processing Tax Board was reversed and the case was remanded to the Tax Court for proceedings tantamount to a hearing *de novo*.[3] It is by no means clear that the Processing Tax Board ever actually ruled upon the admissibility of the evidence to which this motion is addressed. But even assuming that it did, no opinion was expressed by the Court of Appeals, at any rate, with respect to the question. Under the circumstances we take the view that there is nothing in the reversal and remand to preclude entertaining and favorable action upon respondent's motion. The Circuit Court having done no more

[3] "The Tax Court should permit the parties, if they desire, to reargue the case as if it had not been previously tried."

than to return the case for consideration and disposition by the Tax Court, we regard the status of the proceeding as essentially comparable to the *Angelus* case, where, as appears from the Supreme Court's opinion:

A motion to dismiss, because of a fatal defect in the claim, was denied by the [Processing Tax] Board, but the Commissioner in his answer stood on his ground that the Board was without jurisdiction to entertain the proceedings. At this stage in the litigation Congress abolished the Processing Tax Board of Review and transferred its jurisdiction to the present Tax Court. That Court granted the Commissioner's renewed motion to dismiss * * *

It was that action which the Supreme Court upheld.

Under all the circumstances and for the reasons stated, respondent's motion to strike the evidence in question is granted. Both parties having asked for 30 days within which to bring on any motions relating to further proceedings, the matter will be held in abeyance during that period to permit the parties to make such application in this regard as they may be advised.

Reviewed by the Court.